**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN MICHAEL SANDSTROM, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | Case No.: 1:21-cv-01618-NONE-JLT (HC) <br><br> ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE <br><br> FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS <br><br> [TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on October 29, 2021 in this Court, challenging a 2008 sentence in the United States District Court for the Western District of Missouri. (Doc. 1.) The Court finds that Petitioner fails to satisfy the "savings clause" or "escape hatch" of § 2255(e), and therefore, the Court lacks jurisdiction.

**BACKGROUND**

In 2008, in the United States District Court for the Western District of Missouri, a jury found Petitioner guilty of seven counts of a nine-count indictment arising from a 2005 murder. See United States v. Eye, No. 4:05-cr-344 (W.D. Mo. Sept. 11, 2008).[1] In 2010, the Eighth Circuit Court of

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333

1

Appeals affirmed Petitioner's convictions. United States v. Sandstrom, 594 F.3d 634, 665 (8th Cir. 2010), cert. denied, 562 U.S. 881 (Oct. 4, 2010). The trial court then dismissed Petitioner's two attempts at post-conviction relief under 28 U.S.C. § 2255. See Sandstrom v. United States, No. 4:14-cv-581 (W.D. Mo. Jan. 21, 2015) (dismissed as untimely filed); Sandstrom v. United States, No. 4:10-cv-1094 (W.D. Mo. Nov. 23, 2010) (allowing voluntary withdrawal of motion and dismissing "without prejudice to movant filing a timely Section 2255 motion as required by the statutory filing deadline"). Petitioner filed a habeas corpus motion in the United States District Court for the Southern District of Mississippi on October 2, 2017, which the Court dismissed on November 13, 2017. Sandstrom v. Martin, No. 3:17-cv-00797-DPJ-FKB (S.D. Miss. Nov. 13, 2017).

On October 29, 2021, Petitioner filed the instant habeas petition in the United States District Court for the Northern District of California. (Doc. 1.) The Northern District transferred the petition to this Court on November 3, 2021. (Doc. 4.) He claims he is actually innocent of his conviction and sentence. (See Doc. 1.)

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule

---

(9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.).

is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); see Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[I]f, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012); see 28 U.S.C. § 2255(e). The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The exception will not apply "merely because section 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. Id., 328 F.3d at 1059 (ban on unauthorized or successive petitions does not *per se* make § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and (2) has never had an 'unobstructed procedural shot' at presenting the claim. Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for lack of jurisdiction. Ivy, 328 F.3d at 1060.

Petitioner is challenging the validity and constitutionality of his sentence as imposed by the United States District Court for the Western District of Missouri, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion

pursuant to § 2255 in the Missouri District Court, not a habeas petition pursuant to § 2241 in this Court.  Moreover, section 2241 is unavailable because Petitioner does not present a claim of actual innocence or demonstrate that he has never had an unobstructed procedural opportunity to present his claims.

    A.    Actual Innocence

A claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898.  In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted).  Actual innocence means factual innocence, not mere legal insufficiency.  Id.

Petitioner challenges his conviction for tampering with a witness by murder and resulting sentence of life imprisonment. Petitioner claims that his witness-tampering conviction is no longer valid in light of the United States Supreme Court's decision in Fowler v. United States, 563 U.S. 668 (2011). In Fowler, the Supreme Court held that in order to prove a violation of the federal witness-tampering statute, 18 U.S.C. § 1512(a)(1)(C), the government must show a "reasonable likelihood" that a relevant communication would have been made to a federal officer but for the victim's death. 563 U.S. at 670. Petitioner argues that the government's proof at his trial failed to meet the "reasonable likelihood" standard. (See Doc. 1 at 7.) However, Petitioner previously raised this argument in his habeas petition filed in the Southern District of Mississippi, and the court found that Petitioner was untimely in making such a challenge. See Sandstrom v. Martin, No. 3:17-cv-00797-DPJ-FKB (S.D. Miss. Nov. 13, 2017) (Doc. 4); Sandstrom v. United States, No. 4:14-cv-581 (W.D. Mo. Jan. 21, 2015) (Doc. 18) (finding § 2255 motion untimely). Since the Fowler decision was available to Petitioner before October 4, 2011, his claim was not "foreclosed by circuit law" at the time when it should have been raised in his first § 2255 motion. See Dinkins v. Daniels, 667 F. App'x 444, 445 (5th Cir. 2016) (finding Fowler decision predated inmate's § 2255 motion and therefore failed to meet savings clause criteria). Thus, Petitioner cannot meet the stringent requirements to proceed with his claims under the savings clause.

4

Petitioner further challenges other counts in the indictment, however, Petitioner makes no claim of being factually innocent of the underlying convictions.  Under the savings clause, Petitioner must demonstrate that he is actually innocent of the crime for which he has been convicted. See Ivy, 328 F.3d at 1060; Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction").  Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court.  See Stephens, 464 F.3d at 898-99 (concluding that, although petitioner satisfied the requirement of not having had an "unobstructed procedural shot" at presenting his instructional error claim under Richardson v. United States, 526 U.S. 813, 119 (1999), petitioner could not satisfy the actual innocence requirement as articulated in Bousley and, thus, failed to properly invoke the escape hatch exception of Section 2255).

B.     Unobstructed Procedural Opportunity

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Ivy, 328 F.3d at 1060 ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion."). To determine whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060-61). "An intervening court decision must 'effect a material change in the applicable law' to establish unavailability." Alaimalo, 645 F.3d at 1047 (quoting Harrison, 519 F.3d at 960). That is, an intervening court decision must "constitute[] a change in the law creating a previously unavailable legal basis for petitioner's claim." Harrison, 519 F.3d at 961 (citing Ivy, 328 F.3d at 1060).

The legal basis for Petitioner's claim was available prior to resentencing.  In addition, the law has not changed in any way relevant to his claims after his appeal and § 2255 motion.  Harrison, 519 F.3d at 960.  Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255

constitutes an "inadequate or ineffective" remedy for raising his claims. Section 2241 is not the proper statute for raising Petitioner's claims, and the Court lacks jurisdiction to consider the petition.

### C.   Recharacterization and Transfer

The Court must therefore determine whether to recharacterize the petition as a § 2255 motion and transfer it to the sentencing court or dismiss it. The transfer of civil actions among federal courts to cure jurisdictional defects is governed by 28 U.S.C. § 1631. The statute provides that if a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631. Transfer is appropriate if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. See Kolek v. Engen, 869 F.2d 1281, 1284 (9th Cir. 1989).

Recharacterization and transfer of the petition to the Western District of Missouri is not in the interest of justice because the petition is a second and successive Section 2255 motion. See Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001) (noting that courts consider equitable factors when determining whether a transfer is appropriate). As a second and successive Section 2255 motion, the petition must first be certified by the Ninth Circuit Court of Appeals. 28 U.S.C. § 2255(h).

**ORDER**

Accordingly, the Court DIRECTS the Clerk of Court to assign a district judge to the case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate

Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated: **November 28, 2021**             **/s/ Jennifer L. Thurston**
                                                      CHIEF UNITED STATES MAGISTRATE JUDGE