UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MICHAEL SANDSTROM,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>        Respondent. | Case No.: 1:21-cv-01618-JLT-BAK (SKO) (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(Doc. 20) |

Petitioner filed the instant petition for writ of habeas corpus on October 29, 2021. (Doc. 1.) On January 10, 2022, the Court issued an order dismissing the petition. (Doc. 18.) Pending before the Court is Petitioner's motion for reconsideration, filed on January 18, 2022. (Doc. 20.)[1]

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made

---

[1] Petitioner also subsequently filed a miscellaneous motion on January 21, 2022, requesting that Chief Judge Kimberly Mueller review his petition. (Doc. 21.) Petitioner continues to assert the same arguments that were already presented and considered by the Court. (*See id.*) Accordingly, the Court DISREGARDS Petitioner's miscellaneous motion.

1

within a reasonable time, in any event "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances [] claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C.Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Petitioner fails to meet the requirements for granting a motion for reconsideration. He has not shown "mistake, inadvertence, surprise, or excusable neglect"; the existence of either newly discovered evidence or fraud; that the judgment is either void or satisfied; or any any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or circumstances [] claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Petitioner continues to assert the same arguments regarding actual innocence made in his petition and objections to the findings and recommendations. (*See* Doc. 20.) However, his arguments were already presented and considered by the Court. The Court finds nothing in the motion for reconsideration that changes the conclusions previously drawn.

**ORDER**

Accordingly, the Court ORDERS that Petitioner's motion for reconsideration (Doc. 20) is DENIED.

IT IS SO ORDERED.

Dated:   **February 15, 2022**

UNITED STATES DISTRICT JUDGE

2